UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TOKIO MARINE SPECIALTY INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | 20 C 7006 |
| v. | ) ) | Judge Charles P. Kocoras |
| ALTOM TRANSPORT, INC., JAVONTE AZCONA, MICHAEL CHAPA, and CORTEZ McCULLOUGH, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

This is a declaratory judgment action in which Plaintiff Tokio Marine seeks a declaration that it has no duty to provide coverage or defend Altom Transport in lawsuits brought by Javonte Azcona, Michael Chapa, and Cortez McCullough in the Circuit Court of Cook County. Altom Transport now seeks dismissal because Tokio Marine has failed to add all necessary parties under Federal Rule of Civil Procedure 19. Altom Transport also seeks dismissal because Tokio Marine prematurely seeks a declaration about indemnity in addition to its duty to defend. For the following reasons, the Court denies Altom Transport's Motions.

1

## STATEMENT

In deciding these Motions, the Court takes as true the following allegations from Tokio Marine's Complaint. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479, n. 2 (7th Cir. 2001).

The three individual defendants in this action—Javonte Azcona, Michael Chapa, and Cortez McCullough—were injured in a 2019 explosion at a third party's facility. Those individuals brought lawsuits against Altom Transport in the Circuit Court of Cook County to recover for their injuries.[1]

At the time of the incident, Altom Transport had insurance from Tokio Marine that covered, among other things, "contamination that is caused by transportation." Tokio Marine declined to defend Altom Transport in the underlying Cook County litigation. Now, Tokio Marine seeks a declaration that the insurance policy does not require it to defend or indemnify Altom Transport.

In response, Altom Transport has moved to dismiss under both Rule 12(b)(7) and Rule 12(b)(6). First, Altom Transport seeks dismissal of this case under Rule 12(b)(7) because Tokio Marine did not name Altom's other insurance carriers in this action. And second, Altom Transport seeks dismissal under Rule 12(b)(6) because Tokio Marine's

---

[1] *See Azcona v. TAC East, Inc., and Altom Transport, Inc.*, pending in the Circuit Court of Cook County, Illinois, under Cause No. 2020- L-007936; *Chapa v. TAC East, Inc., and Altom Transport, Inc.,* pending in the Circuit Court of Cook County, Illinois, under Cause No. 2020-L-007937; *McCullough v. TAC East, Inc., and Altom Transport, Inc.,* pending in the Circuit Court of Cook County, Illinois, under Cause No. 2020-L-7942.

Complaint prematurely seeks indemnification. The Court will address each of these motions in turn.

**1. Rule 12(b)(7) Motion: Failure to Join a Necessary and Indispensable Party**

Altom Transport's 12(b)(7) argument is that Tokio Marine's failure to join Arch Insurance Company, Crum & Forster Specialty Insurance Company, and Gemini Insurance—other insurers of Altom—requires dismissal. The Court disagrees.

Contrary to Altom's reliance on state—not federal—law, the Court must apply *federal* law in deciding a Rule 12(b)(7) Motion. *Cas. Indem. Exch. v. Vill. of Crete*, 731 F.2d 457, 461 (7th Cir. 1984). And, in deciding this Motion, Altom Transport bears "the burden of producing *evidence* which shows the *nature of the absent party's interest* and that the protection of that interest will be impaired or impeded by the absence." *Ploog v. HomeSide Lending, Inc.*, 209 F.Supp.2d 863, 873 (N.D. Ill. 2002) (emphasis added). Importantly, a "Rule 12(b)(7) motion will not be granted because of a vague possibility that persons who are not parties may have an interest in the action." *Selective Ins. Co. of S.C. v. City of Paris*, 2008 WL 927956, at *3 (C.D. Ill. 2008) (cleaned up).

Rule 12(b)(7) specifically allows dismissal where a plaintiff has failed to join a party as required by Rule 19. Rule 19 is intended to allow joinder of all "materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources. Dismissal, however, is not the preferred outcome under the Rules. Courts are reluctant to dismiss for failure to join where doing so deprives the plaintiff

of his choice of federal forum." *Askew v. Sheriff of Cook Cty., Ill.*, 568 F.3d 632, 634 (7th Cir. 2009) (cleaned up).

The Court's Rule 12(b)(7) analysis proceeds in two steps. First, the Court determines whether a party is one that should be joined, if feasible, under Rule 19(a). *See id.* at 635. And second, if the Court determines that a party should be joined but cannot, then the Court determines whether the party is indispensable, meaning whether the litigation can proceed without that party under Rule 19(b). *See id.* Notably, Rule 19 also distinguishes between situations where joinder is feasible and where joinder is not feasible "because it would defeat subject-matter jurisdiction, or the party is beyond the personal jurisdiction of the court, or the party has and makes a valid objection to venue." *Id.* at 634–35 (cleaned up).

Rule 19(a)(1) provides that a party "must be joined" if (1) without that person, the court cannot provide "complete relief among *existing parties*"; (2) the person claims an interest in the action and proceeding with the case without that person may "impair or impede the person's ability to protect the interest" or leave an "existing party" subject to "inconsistent obligations." *Id.* at 635 (citing Fed. R. Civ. P. 19(a)(1)).

Applying these principles, the Court first must first assure itself of subject-matter jurisdiction. Altom Transport conspicuously does not at all address whether adding Arch, Crum & Forster, or Gemini would deprive the Court of subject-matter jurisdiction. Altom Transport's omission is especially problematic because Tokio Marine's briefing was abundantly clear on this point. Indeed, their lead argument in

4

response to the Motion began with the following bolded heading: "**This Court Should Deny Altom's Motion to Dismiss Because Altom Fails to Establish that Joinder Will Destroy Diversity Jurisdiction**." Dkt. #13 at 3 (emphasis in original). In response, Altom Transport submitted a three-page reply brief that nowhere addresses this argument. This "implies concession," *Midwest Generation EME, LLC v. Continuum Chem. Corp.*, 768 F. Supp. 2d 939, 950 (N.D. Ill. 2010), and Altom Transport waives any response to this argument. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court. That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.").

Of course, just because Altom Transport has conceded this argument, the Court still must conduct an independent review to make sure that the argument is meritorious. Here, the real problem is that the Court lacks the information to decide whether the addition of Arch, Crum & Forster, or Gemini would deprive the Court of subject-matter jurisdiction. Altom Transport has simply not told the Court, even though it bears the burden of establishing Rule 12(b)(7) dismissal. That alone precludes Altom Transport's success on this Motion. *See First Pros. Ins. Co. v. Florendo*, 2011 WL 5325710, at *3 (S.D. Ill. 2011) ("Without knowing whether the parties are subject to service of process nor their citizenship and therefore whether complete diversity would be destroyed, the Court cannot determine whether PLICA or ISMIE are required parties."); *See* Wright

& Miller, 5C Fed. Prac. & Proc. Civ. § 1359 (3d ed.) ("[t]he cases make it clear that the burden is on the party moving under Rule 12(b)(7) to show the nature of the unprotected interests of the absent individuals or organizations and the possibility of injury to them or that the parties before the court will be disadvantaged by their absence."). Significantly, Altom Transport could have even submitted a very modest amount of "extrinsic evidence beyond the pleadings." *Ochs v. Hindman*, 984 F. Supp. 2d 903, 906 (N.D. Ill. 2013). It did not do so. Thus, the Court cannot grant Altom Transport's Motion at this time.

Altom Transport's Motion also raises, but does not answer, numerous other questions, which similarly preclude the relief Altom Transport seeks. Altom Transport names the three other insurers—Arch, Gemini, and Crum & Forster. But from its Motion, the Court cannot decipher numerous facts that would be required before the Court could fairly grant the Motion. For example, are these insurers primary insurers? Are they excess coverage insurers? Were those policies operative when the incident occurred? What type of coverage did those policies provide? How are the policies interwoven? What are the terms of those policies? And so on.

These differences matter and could be dispositive in the Court's Rule 19 analysis. *See Hous. Auth. Risk Retention Grp., Inc. v. Chicago Hous. Auth.*, 2003 WL 22299353, at *2 (N.D. Ill. 2003). For instance, in general, "where the other insurers provide excess coverage, they are not necessary parties without whom the case must be dismissed." *Id.* "On the other hand, where the liability of several primary insurers depends on the

resolution of disputed facts, it may well be necessary to dismiss an action in which one or more of those primary insurers has not been named." *Id.*

Of course, Altom Transport's Motion references Exhibit A, which suggests that Crum & Forster provides excess coverage. Thus, as far as the Court can tell, Crum & Forster is not a required party under Rule 19. *See id.* But what about Arch and Gemini? The problem is that Altom Transport has not given the Court enough detail to know. In fairness to Altom Transport, it does point to an *unsigned*, draft stipulation where Altom Transport would make a targeted tender to Arch. But Altom transport reads too much into this unsigned stipulation. With or without this stipulation, the Court does not have enough before it to determine whether "the liability of several primary insurers *depends on the resolution of disputed facts*." *See Hous. Auth. Risk Retention Grp., Inc.*, 2003 WL 22299353, at *2 (emphasis added).

Even were the Court to have this information, the Court is skeptical that this lawsuit would require resolution of disputed facts. Rather, this looks and feels like a purely legal dispute about the duties to defend and indemnify. Thus, the Court is well positioned to provide complete relief among the *existing parties*, which under Rule 19 "refers only to relief between the persons already parties, and not as between a party and the absent person whose joinder is sought." *Davis Companies*, 268 F.3d at 484 (cleaned up). And to the extent there is some risk of an inconsistent judgment, a future contribution action would remedy that concern. *See Rhone–Poulenc Inc. v. Int'l Ins. Co.*, 71 F.3d 1299, 1301 (7th Cir.1995) ("In a case of multiple, overlapping coverage

7

the insurers who are not sued will not be bound by determinations made in a suit to which they are not parties, and the insurers who are sued can if they lose seek contribution afterward from the others, [citation omitted], though this may depend, as we shall see, on the precise wording of each insurance contract.").

Indeed, this possible contribution action is precisely why the other carriers should be able to protect their own interests even if this case proceeds. *See Pasco Int'l (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 503 (7th Cir. 1980) (If persons "subject to rights of indemnity or contribution were always indispensable parties, there would not be a need for the impleader provisions of Rule 14."); *Florian v. Sequa Corp.*, 2002 WL 31844985, at *5 (N.D. Ill. 2002) ("the prospect of later litigation is not in itself sufficient to make the [third-parties] necessary parties...There is no prejudice to defendants because they can sue the [third-parties] for contribution").

On this point, Altom Transport's three-page reply brief focuses on an "other insurance" clause. There are two problems with Altom Transport's reliance on this clause. First, the "mere presence of other insurance terms in contested insurance contracts does not compel a finding that absent insurers are necessary parties." *Jim C. Hamer Co. v. Nautilus Ins. Co.*, 2006 WL 8439018, at *3 (S.D.W. Va. 2006) (cleaned up). And, here, the Court finds that it will be able to decide the defense issue "based on the language and terms contained within the four corners of the [Tokio Marine] policy." *Id.* Second, if this other insurance clause were a slam-dunk basis for the relief Altom Transport seeks here, why did Altom Transport raise this argument for the first time in

its three-page reply? *See Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("[T]he district court is entitled to find that an argument raised for the first time in a reply brief is forfeited.").

At bottom, Altom Transport has not carried its burden. So the Court denies Altom Transport's Motion. And since the Court finds that the threshold requirements for joinder under Rule 19(a) have not been satisfied, the Court does not analyze Rule 19(b). *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990).

## 2. Rule 12(b)(6) Motion: Failure to State a Claim

The Complaint requests a declaration that Tokio Marine has neither a duty to defend Altom nor an obligation to indemnify it against a potential damage award in the underlying litigation. The question of whether an insurer must indemnify is not ripe until the underlying litigation ends. *Travelers Ins. Co. v. Penda Corp.*, 974 F.2d 823, 833 (7th Cir.1992); *United Nat'l Ins. Co. v. Dunbar & Sullivan Dredging Co.*, 953 F.2d 334, 338 (7th Cir.1992). This is in contrast with the duty to defend, which depends on reading the underlying complaint and can thus be determined on the pleadings. Recognizing this and because the underlying litigation is still pending, the Court stays the portion of the Tokio Marine complaint relating to the duty to indemnify until the underlying suits are over.

## CONCLUSION

For the preceding reasons, the Court denies Altom Transport's motion. Since a denial of a Rule 12(b)(7) motion is without prejudice, Altom Transport can renew the motion if discovery clearly warrants a renewed request. It is so ordered.

Dated: 5/17/2021

_____
Charles P. Kocoras
United States District Judge